# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
**THOMAS MORRISON,**                          )
                                              )
      **Plaintiff,**                      )
                                              )     **Civil No.**
      **v.**                             )     **13-11834-FDS**
                                              )
**YUM! BRANDS, INC.,**                        )
                                              )
      **Defendant.**                      )
                                              )
_____)


## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE

**SAYLOR, J.**

     This is an action in negligence arising out of a slip-and-fall incident.  Jurisdiction is

based on diversity of citizenship.

     On May 21, 2010, plaintiff Thomas Morrison slipped and fell on a puddle of clear liquid

in a KFC restaurant in Norwell, Massachusetts, operated by KFC U.S. Properties, Inc.[1]

Morrison now brings suit, alleging that his slip and fall was caused by defendant's negligence.

     On July 25, 2014, defendant moved for summary judgment on plaintiff's claim,

contending that it did not breach its duty of care toward Morrison.  After the deadline for

opposing the motion for summary judgment, and after the Court heard arguments on the pending

---

[1] Plaintiff has alleged that defendant Yum! Brands, Inc. operates the KFC restaurant in Norwell, Massachusetts.  However, defendant responded in its answer that the restaurant was in fact "operated, possessed, managed, controlled and maintained by KFC U.S. Properties, Inc."  (Def.'s Answer ¶ 2).  Although defendant in an affirmative defense contends that "[t]o the extent plaintiff has suffered any injuries, they were caused by a third party for whom defendant is not responsible," defendant has not moved to dismiss this action based on being an improper party to this case.  Therefore, Yum! Brands, Inc. will be treated as the proper defendant for purposes of the present motions.

motion, plaintiff filed a Rule 56(d) affidavit requesting the Court stay the ruling on the motion for summary judgment until plaintiff takes additional discovery. On October 6, 2014, defendant moved to strike the affidavit.

For the following reasons, the motion to strike the affidavit and the motion for summary judgment will be granted.

## I.  Background

The following facts are undisputed unless noted otherwise.

### A.  Factual Background

Thomas Morrison is a resident of Rockland, Massachusetts. (Compl. ¶ 1). The complaint alleges that Yum! Brands is a Kentucky corporation with a principal place of business in Louisville, Kentucky. (Compl. ¶ 2).[2]

On May 21, 2010, Morrison visited a KFC restaurant in Norwell, Massachusetts, with his fiancée. (Compl. ¶ 4; Morrison Dep. 31:10-11). After ordering food, Morrison went to the restroom. (Morrison Dep. 31:11-12). When walking to the urinal, he slipped, fell backwards, and hit his head on the sink behind him before landing on his elbow on the bathroom floor. (*Id.* 31:12-18). He was looking straight ahead at the urinal when he slipped, and did not see the liquid on the floor before he fell. (*Id.* 33:12-24). He described the puddle as a clear liquid that appeared to be water encompassing an area of approximately three feet by eight inches. (*Id.* 33:13; 34:18-20). Water covered the entire right side of his pants and shirt after the fall. (*Id.*

---

[2] In its notice of removal, defendant contends that Yum! Brands, Inc. is a North Carolina corporation with a principal place of business in Louisville, Kentucky. (Notice of Removal ¶ 5). KFC U.S. Properties, Inc. is a Delaware corporation with a principal place of business in Louisville, Kentucky. (Notice of Removal ¶ 6). There is complete diversity to establish proper subject-matter jurisdiction whether Yum! Brands, Inc. or KFC U.S. Properties, Inc. is the proper defendant.

33:15-17).  He did not know how long the water had been there, but he speculated that it may have come from a plumbing leak.  (*Id.* 35:2; 80:12-13).  After the accident, the restaurant manager informed Morrison that the restroom had recently been cleaned in accordance with the restaurant's regular cleaning schedule.  (*Id.* 39:5-6).  According to Morrison, the manager "did not say anything about" whether he had been aware that the liquid was on the floor.  (*Id.* 80:12-14).

Morrison alleges that as a result of his fall he suffered permanent loss of function and mobility and incurred expenses for hospital and medical treatment.  (Compl. ¶ 7).  He contends that his injuries have permanently impaired his ability to work and earn income and have caused restrictions in his activities.  (*Id.*).

**B.      Procedural Background**

On May 10, 2013, Morrison filed the complaint in this case in the Plymouth Superior Court.  The complaint alleges one claim for negligence.  On August 1, 2013, defendant removed the case to this Court.  The scheduling conference was held on September 27, 2013, during which the Court set a deadline of March 28, 2014, for completion of fact discovery.  The Court twice extended the discovery period at the request of the parties, ultimately setting a deadline of June 2, 2014.  Morrison was represented by counsel from the filing of the complaint until December 30, 2013; he then proceeded *pro se* until July 25, 2014, when new counsel entered an appearance.

On July 25, 2014, defendant moved for summary judgment.  Plaintiff opposed the motion on August 29, 2014, and this Court heard oral arguments on the motion on September 17, 2014.  On September 30, 2014, plaintiff filed a Rule 56(d) affidavit requesting that the Court stay ruling

on the motion for summary judgment until he completes additional discovery.  Defendant filed a

motion to strike the Rule 56(d) affidavit on October 6, 2014.

## II.    <u>Motion To Strike Rule 56(d) Affidavit</u>

Under Fed. R. Civ. P. 56(d), if a party opposing a motion for summary judgment "shows

by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain

affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  When a

party seeks additional discovery pursuant to Rule 56(d), that party must (1) present the motion in

a timely manner; "(2) show good cause for the failure to discover the necessary facts sooner; (3)

set forth a plausible basis for believing that the necessary facts probably exist and can be learned

in a reasonable time; and (4) establish that the sought facts, if found, will 'influence the outcome

of the pending motion for summary judgment.'"  *Adorno v. Crowley Towing & Transp. Co.*, 443

F.3d 122, 127 (1st Cir. 2006) (quoting *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22

F.3d 1198, 1203 (1st Cir. 1994)).

In order for a Rule 56(d) affidavit to be timely, it must be filed within a reasonable time

following the filing of the motion for summary judgment.  *Resolution Trust Corp.*, 22 F.3d at

1204.  Although a party does not necessarily need to file a Rule 56(d) affidavit at the time he

responds to the summary judgment motion, the party must file the affidavit at some time before

the court passes on the motion.  *Nieves-Romero v. United States*, 715 F.3d 375, 381 (1st Cir.

2013) (explaining that a party "cannot oppose a summary judgment motion on the merits and,

after his opposition is rejected, try to save the day by belatedly invoking Rule 56(d)").  However,

if the affidavit is filed after a hearing on the motion for summary judgment, it is untimely.  *See*

*Resolution Trust Corp.*, 22 F.3d at 1204 n.8 (comparing the deadline for filing affidavits opposing motions for summary judgment to the deadline for Rule 56(d) affidavits and explaining that these affidavits "must be submitted at least one day before the scheduled hearing on the motion").

Here, plaintiff filed his Rule 56(d) affidavit before the Court ruled on the merits of the motion for summary judgment, but more than two months after the motion for summary judgment was filed and nearly two weeks after the Court held a hearing on the pending motion. Prior to the motion for summary judgment, plaintiff had more than eight months in which to conduct discovery. He did not undertake any discovery during that time. The Court granted two extensions to the original discovery deadline. The fact that plaintiff chose to proceed *pro se* during a significant portion of the discovery period does not entirely excuse his failure to attempt discovery efforts. Furthermore, upon obtaining new counsel, plaintiff did not immediately seek to reopen discovery. And, as noted, plaintiff did not file a Rule 56(d) affidavit in response to the motion for summary judgment or at the time he filed his opposition to the motion.

Under the circumstances, the affidavit is untimely. The Court will therefore grant defendant's motion to strike plaintiff's Rule 56(d) affidavit.

## III.    Motion for Summary Judgment

### A.    Standard of Review

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotation marks omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Essentially, Rule 56[] mandates the entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In making that determination, the court must view "the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009). When "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id*. at 256-57.

### B.   Analysis

The one-count complaint alleges that defendant was negligent. "Negligence is the failure to exercise that degree of care which a reasonable person would exercise in the circumstances." *Guzman v. Pring-Wilson*, 81 Mass. App. Ct. 430, 432 (2012) (quoting *Morgan v. Lalumiere*, 22 Mass. App. Ct. 262, 267 (1986)). "To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." *Cracchiolo v. Eastern Fisheries, Inc.*, 740 F.3d 64, 69 (1st Cir. 2014) (quoting *Jupin v. Kask*, 447 Mass. 141, 146 (2006)); *see also Lev v. Beverly Enterprises-Massachusetts, Inc.*, 457 Mass. 234, 239-240 (2010).

Defendant contends that it did not breach any duty of care it owed plaintiff.  Where, as here, the plaintiff is an invitee who is "invited onto the property by the property owner for the *property owner's* benefit, the property owner owe[s] a duty to use reasonable care to keep the premises in a reasonably safe condition in view of all the circumstances . . . ."  *Papadopoulos v. Target Corp.*, 457 Mass. 368, 371 (2010) (internal quotation marks and citations omitted) (emphasis in original).  In slip-and-fall cases involving business premises, the plaintiff must show that the business "caused a substance, matter, or item to be on the floor; the [business] operator had actual knowledge of its presence; or the substance, matter, or item had been on the floor so long that the [business] operator should have been aware of the condition."  *Sheehan v. Roche Bros. Supermarkets, Inc.*, 448 Mass. 780, 782 (2007).

It is undisputed that plaintiff slipped and fell as a result of a hazardous condition at the KFC.  In order to survive a motion for summary judgment, however, plaintiff must show that there is a genuine issue of material fact as to whether defendant either (1) caused the condition, (2) had actual knowledge of it before the accident, or (3) reasonably should have been aware of it.

Plaintiff has not submitted sufficient evidence to support a finding that defendant caused the puddle of water on the bathroom floor.  There is no evidence of any problem with the plumbing.  Plaintiff contends that because the bathroom had recently been cleaned, there is a genuine issue of material fact as to whether defendant's employees or agents created the hazard.  However, there is no evidence as to what type of cleaning occurred in the bathroom, what type of equipment or supplies defendant used during the cleaning, and how much time occurred between the last cleaning and plaintiff's use of the bathroom.  He also has not presented any evidence as

to whether or not any other patron used the bathroom between the time of the cleaning and his own use. Put simply, a jury could only speculate as to whether the puddle was caused by faulty plumbing, negligent cleaning, the act of another patron, or something else. Under the circumstances, plaintiff cannot prove that defendant caused the hazardous condition.

Similarly, plaintiff has no evidence that would support a finding that the defendant had actual knowledge of the puddle before the accident, or reasonably should have been aware of its existence. Plaintiff expressly acknowledges that he has "no knowledge as to whether the [d]efendant was aware of the clear puddle on the bathroom floor." Pl.'s Opp. at 12. However, he contends that "this alone does not necessarily lead to the conclusion that the [d]efendant did not have actual notice of the liquid." *Id.* He contends that because defendant's employees or agents had recently cleaned the bathroom, a "fact finder could determine that the [d]efendant's employee(s) charged with cleaning the facility saw and took notice of the liquid on the floor yet failed to take reasonable steps to remove it." *Id.*

Plaintiff, however, cannot simply rely on speculation. Liability will only attach on the theory that defendant should have been aware of the hazard "if the plaintiff establishes by preponderance of the evidence that the foreign substance was there long enough that the defendant's employees should have seen it and cleaned it up." *Thurlow v. Shaw's Supermarkets, Inc.*, 49 Mass. App. Ct. 175, 176-77 (2000). At the very least, plaintiff has submitted no evidence as to how long the puddle existed, and therefore, no inference can be drawn about whether it should have been noticed by defendant's employees. Furthermore, the fact that the bathroom had recently been cleaned supports, if anything, a finding that defendant actively monitored the cleanliness of the restroom.

In summary, because plaintiff has failed to adduce sufficient evidence to support a finding of liability, defendant's motion for summary judgment will be granted.

**IV.**     **<u>Conclusion</u>**

For the foregoing reasons, defendant's motion to strike plaintiff's Rule 56(d) affidavit and defendant's motion for summary judgment are GRANTED**.**

**So Ordered.**

/s/ F. Dennis Saylor<br>
F. Dennis Saylor IV<br>
United States District Judge

Dated: October 16, 2014